STATE OF NORTH CAROLINA v. GEORGE CORN
No. 6929SC381

(Filed 19 November 1969)

**1. Criminal Law § 75— incriminating statements — admissibility**

In this homicide prosecution, the trial court did not err in the admission of testimony by a police officer concerning incriminating statements made to the officer by the defendant while defendant was in custody immediately following his arrest, where the trial court made findings supported by competent evidence on *voir dire* that defendant's statements were made freely and voluntarily after he had been fully advised of his constitutional rights.

**2. Criminal Law § 166— abandonment of assignments of error**

Assignments of error not brought forward in appellant's brief are deemed abandoned. Court of Appeals Rule No. 28.

APPEAL by defendant from *McLean, J.,* March 1969 Session of RUTHERFORD Superior Court.

Defendant was indicted for the first-degree murder of Wayne Rollins. The solicitor stated he would not place defendant on trial for first-degree murder, but would try him only for second-degree murder or manslaughter. Defendant pleaded not guilty. At the trial the State offered the evidence of a number of eyewitnesses, who testified that the defendant and Rollins, while attending a teenage dance, had gotten into a fight; that defendant ran as Rollins collapsed to the floor; and that Rollins was found to have four stab wounds in his chest, one of which was in his heart and proved fatal. Defendant was arrested in the dance hall immediately after the fight and was placed in a police car stationed just outside the building. After the officer searched the defendant and found no knife, he asked the defendant where the knife was. The defendant told the officer the knife was in an ash barrel inside the dance hall and the knife was found at the place indicated by defendant. Defendant acknowledged to the police officer that the knife was his.

The jury found defendant guilty of manslaughter, and from judgment imposing sentence on the verdict, defendant appeals.

*Attorney General Robert Morgan, Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*Hamrick & Hamrick, by J. Nat Hamrick for defendant appellant.*

PARKER, J.

[1] Defendant assigns as error the admission in evidence of testimony by the police officer concerning the incriminating statements made to the officer by the defendant while defendant was in custody immediately following his arrest. By means of these statements the officer located and obtained identification of the defendant's knife. This testimony was admitted only after the trial court properly held a *voir dire* hearing in the absence of the jury to determine whether the statements were in fact voluntarily and understandingly made. During the course of this hearing both the arresting officer and the defendant testified, and there was no substantial conflict in their testimony either as to the circumstances under which the statements were made or as to what statements defendant had actually made.

The officer testified on the *voir dire* examination that prior to

asking any question of the defendant, he had warned him that he had a right to remain silent, to be represented by a lawyer while being questioned, that if he wasn't able to hire an attorney the court would appoint him one, and that any statement he made could be used against him in court. The defendant admitted on the *voir dire* examination that prior to his making any statement to the officer, the officer had said to him: "Before I ask you any questions, I want to tell you you have a right to remain silent and don't have to tell me anything if you don't want to." Defendant testified he didn't remember that the officer had told him he had a right to have a lawyer, but defendant did not positively state that the officer had failed to so advise him. Defendant does not contend that he was or is an indigent, and he was represented at his trial and is represented on this appeal by privately employed counsel. The defendant further testified that the officer had never threatened him in any way, had never promised to do anything to try to help him, and that his statements to the officer had been made freely and voluntarily.

At the conclusion of the *voir dire* hearing the trial judge made full findings of fact and concluded that the statements were made "freely and voluntarily by the defendant, without compulsion or fear and he had been fully advised as to his constitutional rights." There was competent evidence to support the trial court's findings of fact and these findings are binding on this Court upon appeal. *State v. Wright,* 275 N.C. 242, 166 S.E. 2d 681; *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1. The findings of fact support the trial court's conclusions of law. There is no merit in this assignment of error.

[2] Appellant's remaining assignments of error are either related to the foregoing assignment of error, and must stand or fall with it, or have not been brought forward in appellant's brief and are therefore deemed abandoned. Rule 28 of the Rules of Practice of the Court of Appeals. Nevertheless, we have examined the entire record and find

No error.

CAMPBELL and GRAHAM, JJ., concur.